```
                    UNITED STATES DISTRICT COURT              FILED
                    NORTHERN DISTRICT OF ALABAMA           03 OCT 31 PM 2:30
                         NORTHEASTERN DIVISION
                                                          U.S. DISTRICT COURT
                                                          N.D. OF ALABAMA
```

THELMA GAIL HILLIS,              )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )    Civil Action No. CV-03-S-891-NE
                                 )
CASTER KNOTT DRY GOODS CO.,      )
a/k/a DILLARD'S, DEPARTMENT      )
STORE, a/k/a DILLARDS, INC.,     )
                                 )
    Defendant.                   )

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss or, in the alternative, to stay the action and to compel arbitration.[1] The court stayed the matter pending the appeal in *Goggins v. Dillard's Inc.*, Civil Action No.: CV-02-S-3216-NE. The Eleventh Circuit Court of Appeals vacated the court's ruling in *Goggins*, in light of the holding in *Musnick v. King Motor Co. of Fort Lauderdale,* 325 F.3d 1255 (11th Cir. 2003), and remanded the case to this court for reconsideration of defendant's motion.[2]

In *Musnick,* the Eleventh Circuit held that "an arbitration agreement is not unenforceable merely because it may involve some 'fee-shifting.'" *Musnick,* 325 F.3d at 1259. Rather, "[t]he party seeking to avoid arbitration under such an agreement has the burden of establishing that enforcement of the agreement would 'preclude' him from 'effectively vindicating [his] federal statutory right in the arbitral forum.'" *Id.* (citing *Green Tree Financial*

---

[1] Doc. no. 4.

[2] *See Goggins v. Dillard's Inc.*, No. 03-11333, slip op. (11th Cir. September 24, 2003).



*Corp. v. Randolph,* 531 U.S. 79, 90, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000)). Musnick's assertion that being required to pay fees and costs if he did not prevail in the arbitration would deprive him of his Title VII rights was deemed to be "too speculative," because he had not yet been assessed with any fees and might not ever be assessed with any. *Musnick,* 325 F.3d at 1260. A plaintiff in arbitration should first wait to see if he actually is taxed with any fees or costs, then discuss his concerns over the fee-shifting provision with the arbitrator, and finally, if the plaintiff is dissatisfied with the arbitrator's determination, he should seek relief from the district court. *Id.* at 1261. Based on *Musnick,* the Eleventh Circuit held this court's decision that the fee-shifting provision in defendant's arbitration agreement was too speculative because "the partially-prevailing plaintiff scenario may not present itself in resolving this case."[3]

In its certified order to this court, the Eleventh Circuit stated that the court should address the arguments raised in plaintiff's opposition to the motion to compel arbitration, in light of the *Musnick* holding.[4] The court has done so, and has granted defendant's motion to dismiss and to compel arbitration in *Goggins.*[5] Likewise, the court finds that defendant's motion to dismiss or, in the alternative, to stay this action, and to compel arbitration is due to be granted.

## I. FACTUAL BACKGROUND

Plaintiff was hired by defendant on November 20, 2001, as a sales associate, and was

---

[3] *Id.* at 3.
[4] *Id.* at n. 1.
[5] *See Goggins v. Dillard's Inc.,* Civil Action No.: CV-02-S-3216-NE, Order of October 31, 2003.

terminated on May 18, 2002.⁶ When plaintiff was hired by defendant, she was given paperwork to sign before being allowed to commence employment.⁷ One of the documents she signed was entitled "Agreement to Arbitrate Certain Claims" which provided that plaintiff would be subject to the Rules of Arbitration.⁸ After plaintiff was terminated, she filed suit alleging claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and under the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*⁹ Defendant moves to dismiss or, in the alternative, to stay this action, and to compel arbitration.

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA" or "the Act"), establishes a federal policy favoring arbitration. *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332, 96 L.Ed.2d 185 (1987). Under the Act, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983).

The existence of a valid contract to arbitrate is determined by state law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995). Under Alabama law, there are two prerequisites for a valid arbitration contract: "(1) there must be a written agreement calling for arbitration[;] and (2) the contract in which

---

⁶*See* Plaintiff's Notice of Filing Evidentiary Materials at Exhibit 1 (Hillis Affidavit).
⁷*Id.*
⁸*See id.* at Exhibit A (Agreement to Arbitrate Certain Claims) to Exhibit 1 (Hillis Affidavit).
⁹*See* Complaint (doc. no. 1).

the arbitration agreement appears must relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citation omitted). Both requirements are satisfied in this case.

### A. Enforceable Written Arbitration Agreement

First, a written agreement calling for arbitration exists. Plaintiff signed a written "Agreement to Arbitrate Certain Claims."[10] The Agreement states as follows:

> EFFECTIVE upon Associate's first day of employment with the Company, Associate and Company shall be entitled to the benefits of and mutually agree to become subject to the RULES OF ARBITRATION (The "Rules") described below, and attached to and incorporated in this Agreement.[11]

Plaintiff contends that she did not enter into a valid contract with defendant because the essential elements of a contract (offer, acceptance, consideration, and mutual assent) were not present. Plaintiff's argument fails in all respects. Defendant offered plaintiff the right to employment if she agreed to the arbitration rules, and plaintiff accepted that offer when she signed the Agreement to Arbitrate Certain Claims and began working for defendant. *See Hoffman-LaRoche, Inc. v. Campbell*, 512 So. 2d 725, 733-34 (Ala. 1987) (recognizing formation of unilateral contracts through employment policies or employee handbooks coupled with continuation of employment, even if the arbitration rules are adopted after the employee has been hired). Plaintiff's choice to accept employment, after being notified of the arbitration rules, provides the consideration necessary to support the agreement. *See id.* at 734. Finally,

---

[10] *See* Plaintiff's Notice of Filing Evidentiary Materials at Exhibit A (Agreement to Arbitrate Certain Claims) to Exhibit 1 (Hillis Affidavit).

[11] *Id.*

plaintiff's assent to the arbitration rules is apparent from her signature on the Agreement. Accordingly, a written agreement to arbitrate exists.

Plaintiff states in her affidavit that no one explained to her what arbitration was and that defendant told her she needed to sign all of the papers or she would not have a job. [12] Thus, plaintiff argues she should not be bound in light of defendant's pressure tactics. On the contrary, it is well-settled that an employer *can* legally make compulsory arbitration a condition of employment. *See generally Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d (1991); *see also Weeks v. Harden Manufacturing Corp.,* 291 F.3d 1307, 1315 (11th Cir. 2002); *Potts v. Baptist Health System, Inc.,* 853 So. 2d 194, 204-05 (Ala. 2002). Plaintiff also complains that she was never given an opportunity to read the provisions of the arbitration agreement, and that she was giving up her right to take Dillard's to court. Again, plaintiff's argument fails. By signing the Agreement, plaintiff agreed that she received a copy of the rules. Plaintiff cannot now deny that she received a copy of the rules, or that she was given ample opportunity to comprehend them.

**B.     Arbitral forum does not limit plaintiff's rights**

Plaintiff alleges that she should not be compelled to submit her claims to arbitration because arbitrating her claims will curtail her federal statutory rights. Plaintiff cites this court's earlier opinion in *Goggins* for support. Plaintiff's arguments are foreclosed by the Eleventh

---

[12]*Id.*

Circuit reversal of the *Goggins* opinion. As the Eleventh Circuit has explained, plaintiff's concerns are simply too "speculative" to prevent compelling arbitration of her claims. *See Musnick,* 325 F.3d at 1260. If, after an arbitration award has been entered, plaintiff still feels she has been deprived of her rights under federal law, plaintiff may seek judicial review of the arbitration award. *See id.* In light of the foregoing, plaintiff's rights will not be limited by her participation in the arbitral forum.

### III. CONCLUSION

Plaintiff entered into a valid, enforceable arbitration agreement with defendant, pursuant to which she is required to submit all of the claims made the basis of this lawsuit to arbitration. Accordingly, defendant's motion to dismiss or to stay, and to compel arbitration, is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 31st day of October, 2003.

_____
United States District Judge